IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LaKEISHA RANDLE**                                                                                          **PLAINTIFF**

v.                                              **Case No. 4:21-cv-00256-KGB**

**SOCIAL SECURITY ADMINISTRATION**                                               **DEFENDANT**

**ORDER**

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 18). Plaintiff LaKeisha Randle filed objections to the Recommended Disposition (Dkt. No. 19). After careful review of the Recommended Disposition and Ms. Randle's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 18).

**I.     Background**

Ms. Randle applied for disability benefits on January 5, 2018, alleging a disability beginning on September 28, 2017 (Dkt. No. 18, at 1). Ms. Randle's application was denied initially and upon reconsideration (*Id.*). After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Randle's claim (*Id.*, at 1-2). The ALJ found that Ms. Randle had not engaged in substantial gainful activity since September 28, 2017, the alleged onset date of her disability (*Id.*, at 2). The ALJ found that Ms. Randle had the following severe impairments: residuals from a left Schatzker VI tibial plateau fracture with associated posterior knee dislocation status post multiple surgical procedures and anxiety (*Id.*). The ALJ found that Ms. Randle's impairment did not meet or equal a listed impairment (*Id.*). The ALJ determined that Ms. Randle had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that she could: (1) sit six to eight hours during an eight-hour workday, one to two hours without interruption; (2) stand

one to two hours during an eight-hour workday, no more than 15 to 30 minutes at a time; (3) occasionally climb, stoop, crouch, kneel, and crawl; (4) perform unskilled/rote activity in that she would understand, follow, and remember concrete instructions; and (5) have superficial contact with supervisors, co-workers, and the public meaning that she could meet, greet, make change, and give simple instructions and directions. (*Id*., at 2-3).  Based on testimony from a vocational expert ("VE"), the ALJ determined that Ms. Randle was unable to perform her past relevant work but could perform jobs that exist in significant numbers in the national economy such as machine tender and inspector and concluded that Ms. Randle was not disabled (*Id*., at 3).  The Appeals Council denied Ms. Randle's request for review, and Ms. Randle requested judicial review of the ALJ's decision (*Id*., at 2).  Judge Ervin reviewed the ALJ's decision, the entire record, including the briefs, and the transcript of the hearing (*Id.*).

On appeal, Ms. Randle contended that substantial evidence did not support the ALJ's decision to deny benefits (*Id.*, at 4-9).  Judge Ervin determined that there is substantial evidence to support the ALJ's determination that Ms. Randle is not disabled, that all impairments were properly considered, that appropriate weight was given to the medical opinions, and that Ms. Randle's subjective complaints were properly analyzed (*Id.*, at 6).  After careful review of the Recommended Disposition and Ms. Randle's objections, as well as a *de novo* review of the record, the Court agrees.

**II.   Objections**

The Court writes separately to address Ms. Randle's objections (Dkt. No. 19).  Ms. Randle states that at the time of her hearing the ALJ stated that he did not know how "they want you to work taking the medication I was taking and function on a job." (Dkt. No. 19, at 1).  Ms. Randle complains it is "very hard to bend," that she "takes medication for pain and anxiety," that she still

2

takes injections every three months that make her stiff and sore for about three days after, and that she stays "in constant pain" and medication only helps her tolerate it better (*Id*.). Ms. Randle states that she only has a high school diploma and was placed in special class due to her learning disability, which made it difficult for her to find a job (*Id*., at 3). Ms. Randle asserts that she still has to wear a brace and experiences swelling, which makes wearing shoes and clothes difficult (*Id*.). Ms. Randle asks the Court to look at the facts and grant her disability (*Id*., at 4).

To the extent that Ms. Randle objects to Judge Ervin's assessments of her subjective complaints including her work history, the objective medical evidence, and other relevant evidence including her daily activities, the duration, frequency, and intensity of her pain and other symptoms, precipitating and aggravating factors, and the dosage effectiveness and side effects of medications, and her functional restrictions, both the ALJ and Judge Ervin evaluated properly Ms. Randle's subjective complaints (*Id*., at 4-7). To the extent that Ms. Randle objects that Judge Ervin did not consider the extent of her condition, both the ALJ and Judge Ervin considered the extent of Ms. Randle's condition. As Judge Ervin observed, Ms. Randle's conservative treatment history is inconsistent with allegations of disabling pain (*Id*., at 6 (citing *Moore v. Astrue*, 572 F.3d 520, 525 (8th Cir. 2009)).

Ms. Randle concedes that she can care for her 14 year old son by preparing quick meals, cleaning her house, doing her own laundry, paying bills, regularly attending church, driving, and shopping in stores for food and household products (Dkt. No. 18, at 6). Ms. Randle contends, however, that she had help caring for her son after her accident and that she is still taking pain medication, receiving injections every three months, and wearing a brace (Dkt. No. 19, at 1, 3). Under binding circuit precedent, ALJs and courts must consider a plaintiff's daily activity when evaluating subjective complaints of pain. *See Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir.

2003); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  The Court is not convinced that the ALJ or Judge Ervin improperly assessed Ms. Randle's ability to perform daily tasks based on its *de novo* review.  The Court remains convinced, based on its *de novo* review, that there is substantial evidence to support the ALJ's determination that Ms. Randle is not disabled.  Accordingly, the Court overrules Ms. Randle's objections.

Having considered Ms. Randle's objections and the record evidence before the Court, the Court concurs with Judge Ervin that there is substantial evidence to support the Commissioner's decision that Ms. Randle was not disabled, and that the decision of the ALJ should be affirmed (Dkt. No. 18, at 9).  In so finding, the Court overrules Ms. Randle's objections (Dkt. No. 19).

### III.  Conclusion

For the above reasons, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 18).  The Court overrules Ms. Randle's objections (Dkt. No. 19).  Ms. Randle's complaint is dismissed with prejudice (Dkt. No. 2).  Judgment will be entered accordingly.

It is so ordered this 29th day of August, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge